**UNITED STATES DISTRICT COURT**
**FOR THE**
**EASTERN DISTRICT OF CALIFORNIA**

**OFFICE OF THE CLERK**
**2500 Tulare Street**
**Fresno, CA 93721**

FILED
FEB 19 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Clerk, Southern District of CA
880 Front Street
San Diego, CA 92101

**RE:** **CORY LANCELIN SMITH vs. HEDGPETH**
**USDC No.:** **1:08-CV-00206-LJO-WMW**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated February 14, 2008 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 4.**

Documents maintained electronically by the district court are accessible through PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please acknowledge receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

**February 14, 2008** /s/ **M. Verduzco**

Deputy Clerk

RECEIVED BY: R. Mulleh

Please Print Name

DATE RECEIVED: 2-19-2008

NEW CASE NUMBER: '08 CV 0332 H WMc

I hereby attest and certify on 2/14/08
that the foregoing document is a full, true
and correct copy of the original on file in my
office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By [signature] Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CORY LANCELIN SMITH,

Petitioner,

vs.

HEDGPETH,

Respondent.

_______________________________/

1:08-cv-00206-LJO-WMW (HC)

ORDER OF TRANSFER

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from San Diego County, which is in the Southern District of California. Therefore, the petition should have been filed in the United States District Court for the Southern District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v.

McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Southern District of California.

IT IS SO ORDERED.

**Dated: February 13, 2008**

**/s/ William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE

[redacted]

CLOSED, HABEAS

**U.S. District Court**
**Eastern District of California - Live System (Fresno)**
**CIVIL DOCKET FOR CASE #: 1:08-cv-00206-LJO-WMW**
**Internal Use Only**

(HC) Smith v. Hedgpeth
Assigned to: District Judge Lawrence J. O'Neill
Referred to: Magistrate Judge William M. Wunderlich
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 11/19/2007
Date Terminated: 02/14/2008
Jury Demand: None
Nature of Suit: 530 Habeas Corpus (General)
Jurisdiction: Federal Question

**Petitioner**

**Cory Lancelin Smith**

represented by **Cory Lancelin Smith**
D-32296
KERN VALLEY STATE PRISON (5104)
P.O. BOX 5104
DELANO, CA 93216-6000
PRO SE

I hereby attest and certify on 2/14/08
that the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
VICTORIA C. MINOR
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
By [signature] Deputy

V.

**Respondent**

**Hedgpeth**
*Warden*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/19/2007 | 1 | PETITION for WRIT of HABEAS CORPUS by Cory Lancelin Smith. ****Forwarded from the 9th Circuit****(Verduzco, M) (Entered: 02/12/2008) |
| 02/08/2008 | 3 | ORDER of USCA. *Petition transferred to the United States District Court for the Eastern District of California.* (Verduzco, M) (Entered: 02/12/2008) |
| 02/12/2008 | 2 | PRISONER NEW CASE DOCUMENTS ISSUED; (Attachments: # 1 Consent Forms) (Verduzco, M) (Entered: 02/12/2008) |
| 02/12/2008 | | SERVICE BY MAIL: 2 Prisoner New Case Documents for LJO served on Cory Lancelin Smith. (Verduzco, M) (Entered: 02/12/2008) |
| 02/13/2008 | | (Court only) ***STAFF NOTE: Case screened; Transfer Order (Southern |

| | | |
|---|---|---|
| | | District of CA) submitted to WMW/lvm. (Verduzco, M) (Entered: 02/13/2008) |
| 02/14/2008 | 4 | ORDER, CASE TRANSFERRED to District of CA, Southern District signed by Magistrate Judge William M. Wunderlich on 2/13/08. Original file, certified copy of transfer order, and docket sheet sent. CASE CLOSED. (Verduzco, M) (Entered: 02/14/2008) |
| 02/14/2008 | | SERVICE BY MAIL: 4 Order served on Cory Lancelin Smith. (Verduzco, M) (Entered: 02/14/2008) |
| 02/14/2008 | 5 | TRANSMITTAL of DOCUMENTS on *2/14/2008* to * Clerk, Southern District of CA* *880 Front Street* *San Diego, CA 92101*. ** *Electronic Documents: 1 to 4. *. (Verduzco, M) (Entered: 02/14/2008) |

MC-275

Name Mr. Cory L. Smith

Address D-3-229L Kern Valley State Prison

P.O. Box 5104 Delano, CA 93216

CDC or ID Number V75472

FILED

NOV 19 2007

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

FILED

NOV 19 2007

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

Ninth Circuit Court of Appeals

(Court)

Mr. Cory Lancelin Smith
Petitioner

vs.

Warden Hedgpeth (Delano II)
Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. 07-80200
(To be supplied by the Clerk of the Court)

1: 08 CV 00206 LJO WMW HC

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.
- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.
- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.
- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."
- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.
- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.
- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.
- Notify the Clerk of the Court in writing if you change your address after filing your petition.
- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.



American LegalNet, Inc.
www.USCourtForms.com

This petition concerns:

- [x] A conviction
- [ ] Parole
- [x] A sentence
- [ ] Credits
- [ ] Jail or prison conditions
- [ ] Prison discipline
- [ ] Other (*specify*): ______

1. Your name: Mr. Cory L. Smith
2. Where are you incarcerated? KSVP (Delano II)
3. Why are you in custody? [x] Criminal Conviction [ ] Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

266 h.(a) Pimping w/667(a) prior allegations priors

b. Penal or other code sections: 266 h.(a)

c. Name and location of sentencing or committing court: Superior Court of the State of California San Diego County

d. Case number: SCD 178070 / SCD 182441

e. Date convicted or committed: ______

f. Date sentenced: 4·29·05

g. Length of sentence: 56 to life

h. When do you expect to be released? 2050

i. Were you represented by counsel in the trial court? [x] Yes. [ ] No. If yes, state the attorney's name and address:

Michael C. Earle 3941 Mason St. Ste 4
San Diego, CA. 92110

4. What was the LAST plea you entered? *(check one)*

[x] Not guilty [ ] Guilty [ ] Nolo Contendere [ ] Other: ______

5. If you pleaded not guilty, what kind of trial did you have?

[x] Jury [ ] Judge without a jury [ ] Submitted on transcript [ ] Awaiting trial

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

Ineffective Assistance of Counsel (IAC)

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

#1) Failure to object on the record to courts Refusal to admit [relevant] testimony of Janice Perry's mother & sister Danielle Perry to Janice Perry's slanderous acts of making false charges & overall credibility. #2) Failure to objects on the record to uncharged offenses at prelim. #3) Failed to present legal evidence that petitioner never pimped or conspired to pimp Crystal Davis in San Diego or any other county. #4) Counsel moved for untimely motion to dismiss at trial instead of at pretrial, on venue. (shows lack of investigation) #5) Trial counsels failure to object at sentencing to sentencing reasons. #6) Counsel advised petitioner to proceed without probation report litigated. #7) Counsel advised defendant to waive rights on trial priors. Abusing petitioners fullwell trust in not making client fully aware of destructive potential of such waiver when defendant under confidence of counsel. (Refer to Ex. #6) #8) Trial counsels failure to object to multiple hearsay from Crystal Davis & Police severely prejudiced petitioner before jury. (Refer back to Ex. #2) #9) Trial counsels failure to request proper jury instructions is (IAC) (Refer to Ex. #3) #10) Failure to file notice of appeal shows incompetence & proves a serious pattern that ultimately proves all these claims to be in fact true. Petitioners girlfriend & mother of girlfriend filed appeal without knowledge of petitioner while petitioner on reception yard. Charlotte Travis & mother will testify.

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

Trial counsel's representation is full well below objectional standard. If not for counsels unprofessional errors, results would have been diffrent. (Strickland v. Washington (1984) 466 U.S. 668, 790) Extreme incompetence of atty to conduct a timely factual investigation constituted breakdown in adversarial process "noting ct.3" Trial counsel's actions prejudiced petitioner thus requiring new trial (In re: Rocha on Habeas (2005) 135 Cal. App 4th 252, 37 Cal Rptr. 3d, 345)



Continued on extra page. 6.(b)

7. Ground 2 or Ground ______ (if applicable):

Abuse of Discretion by trial Court

*NOTE: TRIAL court contradicting in stating petitioner waived probation report but stating before that [redacted] they could not obtain P.S.I. because petitioner wanted justification for certain questions. TRIAL court denied witness in trial in re to Barbara Perry + Danielle Perry rules of court states P.S.I. cannot be waived.

a. Supporting facts:

1) As the abstract of judgment list the stay of penal code 667(a) prior convictions. As a prior cannot be stayed without a remand adjustment to the controlling charges for sentence. There was no current offense to which the priors could attach themselves as five year priors. This is clearly an unauthorized sentence + also unchallenged sentence. As per federal Rule of civil procedures 15 (b), a nunc pro tunc motion should have been made + ordered to the state court of this petitioners behalf by state appellant counsel, thus to correct clerical errors on the record. An order of P.S.I. during the course of trial, would have brought rise and notice to clerical errors. *2) for the purposes of subdivision (b) to (i), inclusive, shall be made upon the date of that prior conviction. case # SF63432 was not determined nor specified to be a felony conviction for the purposes of subdivision (b) to (i) *3) 667.5 (b) Petitioner remained free from prison for 5yrs. (Refer to ex. #11 where counsel makes references to finishing parole) (Petitioner was released June 10, 1998 + was successful on 3yr high control parole + never violated, this was verified by parole officer John Davis in San Diego, CA.) *4) Rule 4.411 section 1203c requires a PSI on every person sentenced to prison. It cannot be waived. *5) court abused its discretion in saying petitioner pimping charge was violent. *6) court abused its discretion in saying petitioner behavior is increasing seriousness when petitioner in fact only suffered one prison term + current offense not serious. *7) court abused discretion in stating petitioner was unsatisfactory on parole when petitioner never violated + was not on parole or probation. Parole officer John Davis of San Diego parole office verified this info to trial court but trial court would not acknowledge this fact.

b. Supporting cases, rules, or other authority:

Cunningham v. California No. 05-6551 also People v. Cluff (2001) Cal. App. 4th

Teague v. Lane, 489 U.S. 288 (1989) also Watson v. US 141 U.S. App. D.C. 335, 439 F2d 422 (1970)

Davis v. United States, 417 U.S. 333 (1974) also People v. Moreno (2003) Cal. App. 4th

Kufman v. U.S. 394 U.S. 217, 341-342 (1969) also People v. Sumstine (1984)

People v. Black 35 Cal. 4th 1230, 113 P. 3d 534 + 1255-1256 113 P. 3d at 543-544

(in re: Estrada, supra, 63 Cal. 2d at P. 742 also People v. Williams (1998) 17 C 4th 148, 69 CR 2d 917

U.S. v. Booker 7th Cir (2004) Also U.S. v. Gonzales No. 04-3000 (en banc rev'd 9/21/06)

8. Did you appeal from the conviction, sentence, or commitment? [✓] Yes. [ ] No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"): San Diego Superior Court 220 W. Broadway San Diego, CA. 92101-3409

b. Result Denied c. Date of decision: Oct. 3, 2007

d. Case number or citation of opinion, if known: SCD 178070 / SCD 182441

e. Issues raised: (1) trial court errored in denying motion for aquittal on lack of venue.

(2) Cumulative effect of evidentiary and instructional errors denied fair trial

(3) There was insufficient evidence to establish willfullness on failure to appear

f. Were you represented by counsel on appeal? [✓] Yes. [ ] No. If yes, state the attorney's name and address, if known:

Barbara A. Smith P.O. Box 25 Spring Valley, CA. 91976

9. Did you seek review in the California Supreme Court? [✓] Yes [ ] No. If yes, give the following information:

a. Result Denied b. Date of decision: 9·20·06

c. Case number or citation of opinion, if known: D046430

d. Issues raised: (1) Error denying appellants motion for aquittal

(2) instructional errors, including erroneous admission of uncharged offenses, erroneous instruction on flight

(3) insufficient evidence on failure to appear

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

I definetely asked my appeal counsel to raise (IAC), several times, challenge priors ect. My appeal attorney refused as its clearly seen in her letter dated 6-6-06 in #7 of the abuse of discretion packet.

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

b. Did you seek the highest level of administrative review available? [ ] Yes. [ ] No.

*Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court? ☑ Yes. If yes, continue with number 13. ☐ No. If no, skip to number 15.

13. a. (1) Name of court: Southern District of California

(2) Nature of proceeding (for example, "habeas corpus petition"): Hebeas Corpus Petition

(3) Issues raised: (a) Denying Appellants Motion for Aquittal

(b) Prosecutors Arguments preserved a "Prefosey" issue establishing "locus delicti" cumulative error

(4) Result (*Attach order or explain why unavailable*): still pending

(5) Date of decision:

b. (1) Name of court:

(2) Nature of proceeding:

(3) Issues raised: (a)

(b)

(4) Result (*Attach order or explain why unavailable*):

(5) Date of decision:

c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

Appellant counsel would not raise issues requested by petitioner

16. Are you presently represented by counsel? ☐ Yes. ☑ No. If yes, state the attorney's name and address, if known:

17. Do you have any petition, appeal, or other matter pending in any court? ☑ Yes. ☐ No. If yes, explain:

federal Hebeas Corpus

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 11·15·07

[signature]
(SIGNATURE OF PETITIONER)



Lord I pray your mercy over this petition ~
In the name of God I bless this petition ~

# PROOF OF SERVICE BY MAIL

BY PERSON IN STATE CUSTODY

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, Mr. Cory Lancelin Smith, declare:

I am over 18 years of age and a party to this action. I am a resident of Kern Valley State Prison (Delano II) Prison, in the county of Delano, State of California. My prison address is: D-3-229L P.O. Box 5104 Kern Valley State Prison Delano, CA. 93216.

On 11-15-07, I served the attached: Petition for writ of habeas corpus on (IAC) w/attached supporting documents 1-10. Abuse of discretion w/attached supporting documents 1-7. 4 copies + 1 original w/1 copy of supporting documents on the parties herein by placing true and correct copies there of, enclosed in a sealed envelope, with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional institution in which I am currently confined. The envelope was addressed as follows:

Ninth Circuit
P.O. Box 193939
San Francisco, Ca.
94119-3939

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on 11-15-07 (Date)

Mr. Cory L. Smith (Declarant signature)

(IAC)
#1

# EXHIBIT

**07-80200**

(IAC)
#1

Covers
#1 + #4

Counsel on Appeal agrees that the untimely motions & relying on his advice are matters for which he is responsible.

Counsel on Appeal make reference to trial counsel's failure to explore this issue more. Trial counsel called witnesses Barbara Perry & Daniel Perry to the stand & was denied. Trial counsel did not object. July 4th letter shows witnesses denied. July 21 st letter

**Law Offices of Barbara A. Smith**
**P.O. Box 25**
**Spring Valley, CA 91976**
**(619) 670-0675**

July 14, 2005

Mr. Cory Lancelin Smith, V75472
P. O. Box 799004
San Diego CA 92179

Re: Appeal No. D046430

Dear Mr. Smith:

This is an addendum to the letter I wrote you earlier today. I have gone over the transcripts enough to say the record is complete, so I will be preparing our brief within a few months, unless a time opens up in my briefing schedule sooner. So if you have other issues not mentioned in the Appellate Defenders sheet I discussed in my other July 15 letter, please advise me soon as I like to evaluate all client input before I draft the opening brief.

I also noted that in one of your background sheets on a notice of appeal, you indicated some additional appellate issues of being denied witnesses, and attorney incompetence. I presume the witness issue related to the court not allowing defense testimony that Janice Perry's mother and sister said she habitually made false crime reports. That is a pretty good issue I will probably want to raise in our brief.

I would need more specifics to evaluate any issues of ineffective assistance of counsel. You mention a conflict of interest, and that is an excellent issue where it is shown on the record, but I see nothing on the record here to support it. Perhaps you could elaborate upon that. Usually incompetence of counsel issues do not meet the very stringent legal standards set by state and federal case law interpreting the Sixth Amendment right to counsel. However, I will review whatever matters you submit for my consideration, and I will advise you of my conclusions when I send you the opening brief.

Sincerely,

Barbara A. Smith

Barbara A. Smith
Attorney at Law

Law Offices of Barbara A. Smith
P.O. Box 25
Spring Valley, CA 91976
(619) 670-0675

July 21, 2006

Mr. Cory Lancelin Smith, V75472
D-3-217L
Kern Valley State Prison
P. O. Box 5104
Delano CA 93216

Re: Appeal No. D046430

Dear Mr. Smith:

The petition for review raises issues briefed in the Court of Appeal. The limits on impeaching Janice Perry were briefed on appeal and raised in the Court of Appeal as part of a cumulative error argument. I do wish the issue had been explored more in the trial court, but on appeal you are stuck with the record. On the petition there are limits on the length of the briefing, so there was less space for each issue, and the locus delicti issue is by far the most likely to catch the Supreme Court's interest.

Insofar as evidence outside the record went even further to impeach Janice Perry, the trial court excluded other impeachment described on the record, and the Court of Appeal upheld that exercise of discretion. So saying there was even more would not be allowed on appeal, and would not be very persuasive in a writ. I would say that the jury took note of her testimony she made previous false 911 calls, because they acquitted you of the robbery. That does make it hard to say she was not made out to be a liar, in a very fundamental sort of way. I believe that really full impeachment could have made the jury doubt either Perry or Davis, but reviewing courts are unwilling to look at cases that way, partly because they have to be deferential and respectful of trial court rulings.

I do not know anything about Mr. Earle slandering you. I cannot defend an attorney bad-mouthing his client to others, but unfortunately it does not raise an issue on appeal. The record and verdict shows the jury bought the defense to some extent, so if this is considered as an ineffectiveness assistance of counsel, the courts would say he was demonstrably effective, because the jury acquitted you on the most serious charge. I agree the untimeliness of the motion and you relying on his advice are matters for which he is responsible. But as

(IAC) "COVERS"

#2 + #8

Its clear on respondents Reply that trial lawyer failed to object.

with the pimping of Crystal Davis "in the County of San Diego." (C.T. pp. 34-37.) The jury found appellant guilty of the pimping of Davis "as charged in Count Three of the Amended Information." (3 R.T. p. 404; C.T. p. 112.) Accordingly, the jury convicted appellant of pimping in San Diego County.

## II.

## THERE WAS NO CUMULATIVE ERROR IN THE INSTANT CASE

Appellant claims cumulative evidentiary and instructional error denied him due process and a fair trial. Appellant argues the trial court erred when it (1) admitted prior uncharged offenses against appellant; (2) limited cross examination of Victim Perry; (3) excluded evidence appellant was gainfully employed; and (4) instructed the jury as to "flight." (AOB 42-52.) Appellant's claims lack merit.

As to the first three evidentiary claims, Evidence Code section 352 provides trial courts with broad discretion in weighing the probative value of proffered evidence against its potential prejudicial effect. (*People v. Williams* (1997) 16 Cal.4th 153, 214; *People v. Rodrigues* (1994) 8 Cal.4th 1060, 1124.) In applying section 352, "prejudicial" is not synonymous with "damaging." (*People v. Bolin* (1998) 18 Cal.4th 297, 320.) Section 352 determinations are reviewed under an abuse of discretion standard. (*People v. Rodrigues, supra,* 8 Cal.4th at pp. 1124-1125.) Under this standard, a trial court's discretion must not be disturbed on appeal unless the court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice. (*Id.* at p. 1124; *People v. Downey* (2000) 82 Cal.App.4th 899, 909.)

### A. Prior Uncharged Offenses

Appellant claims the trial court erred under Penal Code section 1101

in admitting evidence of prior uncharged offenses, namely "offenses against Stephanie Smith and others." (AOB 44-48.) Preliminarily, appellant never objected below to the admission of evidence of appellant's crimes against "others" and respondent is unable to discern the evidence to which appellant is referring. As to the evidence regarding Stephanie, the trial court properly admitted evidence regarding Stephanie because it was relevant to, and highly probative of, whether appellant pimped Davis and Perry. Indeed, the court expressly found the probative value of the evidence outweighed any prejudicial effect. (1 R.T. pp. 22-23; 2 R.T. p. 204.) Appellant's pimping of Stephanie was not remote or dissimilar to his pimping of Davis; indeed, it occurred simultaneously to and in the same manner as the pimping of Davis. (1 R.T. pp. 63-66, 77-78, 93; 2 R.T. pp. 233-236.) Also, Davis was contacted by vice detectives when her identification was found in appellant's possession, along with the identification of Stephanie. (2 R.T. pp. 214-216, 236.) Moreover, evidence that Stephanie was a prostitute who worked for appellant was properly admitted because it directly addressed the credibility of recanting victim Perry who claimed she was unaware appellant was a pimp and testified that Stephanie was simply appellant's new girlfriend. (See Evid. Code, § 1101, subd. (c); 2 R.T. pp. 130-131, 145-146, 150.)

Additionally, the evidence was properly admitted under Evidence Code section 1101 as it was highly probative on the issues of knowledge and intent. Evidence that a defendant committed uncharged crimes is barred by Evidence Code section 1101 if it is offered to prove the defendant's criminal disposition, but not if it is offered to prove a material disputed issue such as motive, opportunity, intent, preparation, plan, knowledge, or identity. (Evid. Code, § 1101, subds. (a) & (b); see *People v. Carpenter* (1997) 15 Cal.4th 312, 378-379.) Moreover,

> [t]he recurrence of a similar result tends (increasingly with each instance) to negative the existence of some innocent mental state, and

it is
led to
vidence.
nce the
shows
tion.
o, he
us on
he
y

(IAC) Covers:
#3 + #4 + 9

Also in Respondents Reply it is clear that trial counsel failed to investigate + present legal evidence By filing untimely motions. Once the D.A. presents his case only shows the lack of study + investigation. If trial counsel had done so, he would have presented motions on time without effort. Unless he did it purposely. Either way its ineffective.

## CONCLUSION

Appellant forfeited and waived his venue contentions by failing to make timely objections and request proper jury instructions at trial. Regardless, several preparatory acts and appellant's continuous connection to the forum made San Diego County a proper venue for trial on the pimping of Davis. Appellant failed to establish evidentiary or instructional error or that he suffered prejudice as a result of any claimed error. Appellant's 425-day absence from court, in itself, was more than sufficient to establish the requisite willfulness required for a failure to appear conviction. For the foregoing reasons, respondent respectfully requests the judgment of the trial court be affirmed.

Dated: March 9, 2006

Respectfully submitted,

BILL LOCKYER
Attorney General of the State of California

ROBERT R. ANDERSON
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

ERIKA HIRAMATSU
Deputy Attorney General

HEATHER F. CRAWFORD
Deputy Attorney General

Attorneys for Respondent

HFC:jr
SD2005DA0792
70052578.wpd

(IAC)
#5

# EXHIBIT

EVERY SENTENCING REASON by the Judge WAS ERRONEOUS. TRIAL COUNSEL NEVER objected. THE CRIME WAS NOT SERIOUS NOR VIOLENT. ~~Petitioner~~ is not INCREASING IN SERIOUSNESS. ~~Petitioner~~ WAS NOT ON PAROLE & NEVER ~~VIOLATED PAROLE~~ PAROLE. COUNSEL DID NOT ATTEMPT to object & did NOT obtain RECORDS of these facts.

commission.

Rule 4.421(a)(8), the manner in which the crime was carried out indicates planning, sophistication and professionalism.

Under Rule 4.421(b), facts relating to the defendant include 4.421(b)(1), the defendant has engaged in violent conduct, which indicates that he remains a serious danger to society.

Under Rule 4.421(b)(2), his convictions as an adult are numerous and of continued increasing seriousness.

Under Rule 4.421(b)(3), he has served a prior prison term.

Under 4.421(b)(5), his prior performance on parole and/or probation was unsatisfactory.

Also concerning this matter, under Rule 4.425(1)(a)(1), the crimes and their objectives were predominantly independent of each other.

Under Rule 4.425(a)(2), the crimes involved separate acts of violence or threats of violence.

Under Rule 4.425(a)(3), the crimes were committed at different times and separate places rather than being committed so close in time as to indicate a single period of aberrant behavior.

In case SCD178070, probation having been denied, it's the judgment and sentence of the court that the defendant be committed to the Department of Corrections for the term of 50 years to life plus one year, with credit for time served of 34 actual days and 16 days 4019 PC credits, for a total of 50

days credit;

That the defendant pay a restitution fine pursuant to Penal Code section 1202.4(b) in the amount of $10,000, to be paid forthwith or as provided in Penal Code section 2805.5;

Further, that he pay an additional restitution fine pursuant to Penal Code section 1202.45 in the amount of $10,000, to be suspended and remain so unless the defendant's parole is revoked;

Further, that the defendant submit to DNA testing pursuant to Penal Code section 296.

The breakdown is as follows:

For Count 1, a conviction of Penal Code section 226h(a), the suggested base term is 25 years to life. The recommended term is 25 years to life. The recommended stay is zero years.

For Count 3, Penal Code section 226h(a), the suggested base term is 25 years to life. The recommended term is 25 years to life. The recommended stay is zero years.

Those two counts are to run consecutively.

For the first serious felony prior, the suggested base term is five years consecutive. The recommended term is zero years. The recommended stay is five years.

For the second serious felony prior, which appears also to the court to be inapplicable, the suggested base term is five years consecutive. The recommended term is zero years. The recommended stay is five years.

For the first prison prior, the suggested base term

(IAC) "Covers"

#6 + #7

IA 0244

...llier CSR# 2725

CSR#

UNDER ADVISE of trial counsel, Petitioner waives probation Report + Jury trial on Priors. 1203 c. requires a PSR on every person sentenced to prison.

£. Rule 4.111

PSI Report is to be complete + notified 35 days before sentencing.

...SS: P.O. BOX 120128

-4104

..., Plaintiff,

...uty District Attorney

Defendant.

...ed counsel

...N PRIORS

...r with counsel.

...gment in case

... present for the People.

set for readiness at this

...to proceed with trial by

...ives for the People.

and

...nce as to both matters

Identified for the record is:

Court's Exh. 1 – Certified conviction documents, SF 63432

Court's Exh. 2 – Certified conviction documents, CR 128632

Court's Exh. 3 – Certified conviction documents, SCD 178070

Court's Exhibits 1, 2 and 3 are offered and received into evidence.

Also identified is

Court's Exh. 8 – Department of Corrections documents

Exhibit 8 is offered and received into evidence.

ARLYNN CHARLES BOVE, called by the People, is sworn and examined on direct. Now identified for the record

0245

**Court's Exh. 4 – Fingerprint cards, 11-1-91**
**Court's Exh. 5 – Booking sheet, face card**
**Court's Exh. 6 – Booking sheet, face card 3-29-05**
**Court's Exh. 7 – Fingerprint card, 8-24-99**

Exhibits 4, 5, 6 and 7 are offered and received into evidence.
9:28 a.m. The Court takes a recess to review the evidence.
9:35 a.m. Back in session with all present, the Court makes the following findings:

**Case SCD 178070** -

**True First Prison Prior, pursuant to PC 667.5(b) / 668**
**True First Serious Felony Prior, pursuant to PC 667(a)(1)/668/1192.7(c)**
**True Second Serious Felony Prior, pursuant to PC 667(a)(1)/668/1192.7(c)**
**The Court finds true the strike priors alleged under PC 667(b)-(i)/ 1170.12/668**

**As to case SCD 182442**

**The Court finds the defendant GUILTY of the crime of Failure to Appear, in violation of PC 1320.5.**
**The Court finds TRUE the enhancement ~~pursuant to PC 12022.1(b)~~**
The Court finds ~~true in this case~~ each of the priors previously recited as true in case SCD 178070.
Defendant waives statutory time for sentencing, and waives a probation report in this case matter, ~~asking to be sentenced~~ in this case today with SCD 178070.

**PRONOUNCEMENT OF JUDGMENT**

Defendant waives arraignement for Judgment and sentencing. No legal cause sentence should not be imposed. Cory Lancelin Smith addresses the Court. Mr. Still argues. Mr. Earle argues.

The Court pronounces sentence as follows:
Probation is denied. Defendant is committed to the Department of Corrections

**SCD 178070**

Count 1 – PC 266H(a) - 25 years to life
Count 3 – PC 266H(a) – 25 years to life, consecutive to Count 1
1st Prison Prior – 1 year consecutive
1st Serious Felony Prior – 5 years, stay 5 years
2nd Serious Felony Prior – 5 years, stay 5 years
**~~Total term 50 years to life, plus one year~~**
Credit for time served 34 days, 16 PC 4019 Total credits 50 days
Rest/ fine PC 1202.4(b) $10,000. Rest/fine PC 1202.45 $10,000
Defendant is ordered to have DNA testing under PC 296

**As to SCD 182441**

Count 1 - Mid term 2 years,
12022.1(b) – 2 years consecutive
1st prison prior – 1 year consecutive
**Total term 5 years, consecutive to case SCD 178070**
In the interests of justice, the Court strikes the strike priors in this case
Rest/Fine 1202.4(b) $1,000 forthwith / PC 2085.5
Rest/Fine PC 1202.45 $1,000

Defendant is advised regarding parole / appeal.
10:12 p.m. Defendant is remanded to the custody of the Sheriff without bail. Court adjourns.

# EXHIBIT

(IAC)
#10

ON PAGE to of letter DATED 11-21-05 shows where trial counsel failed to file Notice of Appeal. Petitioners girlfriend + mother of girlfriend filed Petitioners Appeal, Petitioner had no knowledge of trial lawyers failure to file an appeal.

Law Offices of Barbara A. Smith
P.O. Box 25
Spring Valley, CA 91976
(619) 670-0675

November 21, 2005

Mr. Cory Lancelin Smith, V75472
Kern Valley State Prison, 4B-203U
P. O. Box 5102
Delano CA 93216

Re: Appeal No. D046430

Dear Mr. Smith:

By now you will have received our opening brief on your appeal. It attacks the judgment on several levels. I am writing to advise you why I did not raise all the issues in your writs and letters, and the issues your girlfriend Plachette Travis raised when she called and wrote me.

Penal Code section 654 does not apply to different counts at different times with different victims. It applies to matters such as where a robber is charged with assault and robbery, but the only assault is that necessary complete the robbery. In Strikes cases you get 25 to life on each term. It does seem excessive for pimping, but the courts say the extreme punishment is for reoffending. This on one level makes no sense, but as discussed below, it has been upheld by the highest courts in the land.

Penal Code section 954 says acquittal on one count is not inconsistent with another. The case law for the exception to this is very limited. Unless it is physically impossible for the jury to accept a witness on one count but not another, the courts assume the jury just gave the defendant a break in partially acquitting. In this case, the jury could have decided that Perry lied about the robbery and told the truth about the pimping.

I did not see a conflict of interest on the part of counsel. I also saw no evidence establishing a conspiracy of your attorney and the prosecutor and judge, to convict you. In fact your attorney obtained a partial acquittal, and the judge could have given you another 25 to life on the failure to appear. Even if there was a conspiracy, you would need hard proof to raise it on appeal or by a writ. There was no such proof.

The search of a car does not require a warrant or probable cause where as here there is a traffic stop, your license is suspended, and the car has to be impounded. Inventory searches of impounded cars are routine.

SUPERIOR COURT OF CALIFORNIA 0244

County of San Diego

DATE: April 29, 2005 DEPT. 54 REPORTER A: K. Collier CSR# 2725

PRESENT HON. WILLIAM H. KENNEDY REPORTER B: CSR#

JUDGE

CLERK: K. Sturdivant

BAILIFF: R. Faris REPORTER'S ADDRESS: P.O. BOX 120128

SAN DIEGO, CA 92112-4104

---

SCD 178070 THE PEOPLE OF THE STATE OF CALIFORNIA, Plaintiff,
DA ABB36301 By: G. Michael Still, Deputy District Attorney

v.

CORY LANCELIN SMITH, Defendant.
By: Michael Earle, Retained counsel

SCD 182441
DA ABF21001

**SCD 178070 TRIAL ON PRIORS**
**SCD 182442 COURT TRIAL ON INFORMATION, AND TRIAL ON PRIORS**

8:53 a.m. Court convenes briefly, then recesses to allow defendant to confer with counsel.
9:00 a.m. Court convenes for **Trial on Priors and Pronouncement of Judgment in case SCD 178070**. Defendant is present, in custody, with counsel. Mr. Still is present for the People. Probation officer Jason Constein is present.

Defendant completes a Jury Waiver form for trial on priors.

Also present before this Court is the failure to appear file, case SCD 182441, set for readiness at this time. Defendant also completes a jury waiver form in that case. Wishes to proceed with trial by Court. The Court inquires, and defendant personally waives. Mr. Still waives for the People.

9:15 a.m. Evidence commences in the **Trial on Priors, case SCD 178070**, and the **Court Trial on case SCD 182441**, the failure to appear. Evidence as to both matters intertwined, so presented concurrently.

Identified for the record is:

**Court's Exh. 1 – Certified conviction documents, SF 63432**
**Court's Exh. 2 – Certified conviction documents, CR 128632**
**Court's Exh. 3 – Certified conviction documents, SCD 178070**

Court's Exhibits 1, 2 and 3 are offered and received into evidence.
Also identified is

**Court's Exh. 8 – Department of Corrections documents**

Exhibit 8 is offered and received into evidence.

I checked the record on the waiver, and the record is clear that you waived jury on everything left at the April 29, 2005 hearing, including the prior conviction allegations as to to SCD178070 and SCD182441, and the new bail jumping charge on SCD182441. (See enclosed copy of highlighted transcripts.)

Defective jury waivers on priors would not help you attack the priors much these days anyway, because the jury decides nothing much when they hear a court trial - basically they determine if you are the person in the documents. The judge decides everything else, including washouts and the nature of priors, which is virtually everything. Also priors can be retried in any event as double jeopardy does not attach to priors trials. Your name alone is unusual enough under well-established case law to show you are the person in the documents.

You say you wanted to be sentenced by the jury, but once you left the jurisdiction after the verdict and before sentencing, you could not have thought you would be sentenced by the jury, which was long gone by the time of the priors trial. In any case, you cannot be sentenced by the jury, except that in death penalty cases they can choose death or life without parole. Even then the judge has the final decision.

It might be incompetent for an attorney not to file your notice of appeal, but once it gets filed there is no arguable error on appeal. You do not tell me what ineffective assistance of counsel the State Bar found. There is none that appears on the face of the record I have before me.

You are mixing up the various sorts of prior convictions. The priors that require separate terms are prison priors, and you got only one year for one prison prior, on each of the two cases as to which you were sentenced, SCD178070 and SCD182441. A prison prior can be used for each separate new felony case. Serious felony priors (so-called "nickel" priors) have to be brought and tried separately. There were none of those as they require a current serious conviction, which as everyone agreed in the trial court pimping is not.

Strikes however do not require any prison term of any kind - separate or otherwise. Also, one case with multiple counts can generate multiple strikes. Robbery is considered a crime of violence so each separate victim or act generates another strike, and it would not be within the trial court's discretion to invoke the single occasion rule. As for your time since the priors, even priors 25 or more years old have been held to justify a 25 to life term. Insofar as you finished parole and had law-abiding times, the trial court gave you credit for that in not striking you on the new bail case, where the court could have given you 25 to life instead of five determinate years.

A spontaneous utterance is still spontaneous even if later the witness says it is a lie, which is just a matter for the jury to consider. Psychological examination of the witness must be based on a showing almost impossible to make of diagnosed mental illness of a certain sort and degree, documented by hospital records and expert testimony. The court also has to look at the documentation ahead of time, and most courts still refuse to admit such evidence. Asking for an examination without having the documentation in hand is an exercise in futility. Almost no court would grant such a motion, and by the same token defense counsel will not be found incompetent for not pursuing dead ends of investigation and motion practice.

At any rate, I saw no indication of the required sort of history and documentation in this case. Furthermore, having the jury told Perry habitually made up lies plainly made the jury acquit of the robbery. Few attorneys would want to delve into mental illness in such cases, for the very good reason that Perry despite her lies was already a pathetic figure. Having the jury hear she had mental illness might have backfired, by making her even more of an object of pity.

As for the records of the witnesses, I did not see records being kept out, in that both Perry and Davis were known to have convictions discussed on the record, in testimony before the jury.

We will get a prosecution brief in the next few months. I will write again when I receive it.

Thank you for your patience.

Sincerely,

Barbara A Smith

Barbara A. Smith
Attorney at Law

Abuse of Discretion #1

# EXHIBIT

Shows this is an unauthorized sentence & is to be remanded back to court for resentencing

Law Offices of Barbara A. Smith
P.O. Box 25
Spring Valley, CA 91976
(619) 670-0675

September 15, 2006

Mr. Cory Lancelin Smith, V75472
D-3-217L
Kern Valley State Prison
P. O. Box 5104
Delano CA 93216

Re: Appeal No. D046430

Dear Mr. Smith:

The stay of inapplicable five-year terms on the serious felony priors does not help or hurt you one way or the other. It might or might not be technically correct, since the prior conviction allegations under section 667(a) were correctly found true for purposes of the Strikes Law sentence, but not as the basis for five-year enhancements. I mentioned it in the Statement of Case so that if the Court of Appeal felt like it they could correct it. But it adds no time to your case, and in no way affects the correctness of other sentencing aspects of the case. Nor does it imply anything except that sentencing in California is highly technical. Probably the trial judge "stayed" the priors, because for most purposes Penal Code section 667 (a) priors cannot be stricken. Striking the nickel priors would not be proper as such because they are validly found as the basis for strikes sentences, and it might make the CDC kick the case back to reconsider the five-year priors. This could confuse the trial court, and then it would take another appeal to correct this.

Again, if you do not get any overall relief via other avenues such as California Supreme Court review, I could ask ADI for advice on whether and how to correct the error if any in the Abstract of Judgment. If they think it advisable, I could ask the Superior Court Clerk to correct the Abstract of Judgment. But it is not a basis for challenging your convictions or sentence. If it is incorrect at all, it is more akin to a spelling or clerical error.

Sincerely,

Barbara A. Smith

Barbara A. Smith
Attorney at Law

ARLYNN CHARLES BOVE, called by the People, is sworn and examined on direct. Now identified for the record

0245

Court's Exh. 4 – Fingerprint cards, 11-1-91

~~Court's Exh. 5 – Booking sheet, face card~~

Court's Exh. 6 – Booking sheet, face card 3-29-05

Court's Exh. 7 – Fingerprint card, 8-24-99

Exhibits 4, 5, 6 and 7 are offered and received into evidence.

9:28 a.m. The Court takes a recess to review the evidence.

9:35 a.m. Back in session with all present, the Court makes the following findings:

Case SCD 178070 -

True. First Prison Prior, pursuant to PC 667.5(b) / 668

True First Serious Felony Prior, pursuant to PC 667(a)(1)/668/1192.7(c)

True Second Serious Felony Prior, pursuant to PC 667(a)(1)/668/1192.7(c)

The Court finds true the strike priors alleged under PC 667(b)-(i)/ 1170.12/668

As to case SCD 182442

The Court finds the defendant GUILTY of the crime of Failure to Appear, in violation of PC 1320.5.

The Court finds TRUE the enhancement pursuant to PC 12022.1(b)

The Court finds true in this case each of the priors previously recited as true in case SCD 178070. Defendant waives statutory time for sentencing, and waives a probation report in this case matter, asking to be sentenced in this case today with SCD 178070.

**PRONOUNCEMENT OF JUDGMENT**

Defendant waives arraignement for Judgment and sentencing. No legal cause sentence should not be imposed. Cory Lancelin Smith addresses the Court. Mr. Still argues. Mr. Earle argues.

The Court pronounces sentence as follows:

Probation is denied. Defendant is committed to the Department of Corrections

SCD 178070

Count 1 – PC 266H(a) - 25 years to life

Count 3 – PC 266H(a) – 25 years to life, consecutive to Count 1

1st Prison Prior – 1 year consecutive

1st Serious Felony Prior – 5 years, stay 5 years

2nd Serious Felony Prior – 5 years, stay 5 years

Total term 50 years to life, plus one year

Credit for time served 34 days, 16 PC 4019 Total credits 50 days

Rest/ fine PC 1202.4(b) $10,000. Rest/fine PC 1202.45 $10,000

Defendant is ordered to have DNA testing under PC 296

As to SCD 182441

Count 1 - Mid term 2 years,

12022.1(b) – 2 years consecutive

1st prison prior – 1 year consecutive

Total term 5 years, consecutive to case SCD 178070

In the interests of justice, the Court strikes the strike priors in this case

Rest/Fine 1202.4(b) $1,000 forthwith / PC 2085.5

Rest/Fine PC 1202.45 $1,000

Defendant is advised regarding parole / appeal.

10:12 p.m. Defendant is remanded to the custody of the Sheriff without bail. Court adjourns.

Abuse of Discretion
#2.

(IAC) "COVERS"

#6 & #7

UNDER ADVISE of trial counsel, Petitioner waives probation Report & jury trial on priors. 1203 c. requires a PSR on every person sentenced to prison.

& Rule 4.111

PSI Report is to be complete ~~&~~ notified 35 days before sentencing.

ABUSE OF DISCRETION

#4

RULES OF COURT

4.4111

ARLYNN CHARLES BOVE, called by the People, is sworn and examined on direct. Now identified for the record



Court's Exh. 4 – Fingerprint cards, 11-1-91
~~Court's Exh. 5 – Booking sheet, face card~~
Court's Exh. 6 – Booking sheet, face card 3-29-05
Court's Exh. 7 – Fingerprint card, 8-24-99

Exhibits 4, 5, 6 and 7 are offered and received into evidence.
9:28 a.m. The Court takes a recess to review the evidence.
9:35 a.m. Back in session with all present, the Court makes the following findings:

Case SCD 178070 -

**True First Prison Prior, pursuant to PC 667.5(b) / 668**
**True First Serious Felony Prior, pursuant to PC 667(a)(1)/668/1192.7(c)**
**True Second Serious Felony Prior, pursuant to PC 667(a)(1)/668/1192.7(c)**
**The Court finds true the strike priors alleged under PC 667(b)-(i)/ 1170.12/668**

As to case SCD 182442

**The Court finds the defendant GUILTY of the crime of Failure to Appear, in violation of PC 1320.5.**
**The Court finds TRUE the enhancement pursuant to PC 12022.1(b)**

The Court finds true in this case each of the priors previously recited as true in case SCD 178070. Defendant waives statutory time for sentencing, and waives a probation report in this case matter, asking to be sentenced in this case today with SCD 178070.

**PRONOUNCEMENT OF JUDGMENT**

Defendant waives arraignement for Judgment and sentencing. No legal cause sentence should not be imposed. Cory Lancelin Smith addresses the Court. Mr. Still argues. Mr. Earle argues.

The Court pronounces sentence as follows:
Probation is denied. Defendant is committed to the Department of Corrections

SCD 178070

Count 1 – PC 266H(a) - 25 years to life
Count 3 – PC 266H(a) – 25 years to life, consecutive to Count 1
1st Prison Prior – 1 year consecutive
1st Serious Felony Prior – 5 years, stay 5 years
2nd Serious Felony Prior – 5 years, stay 5 years

**Total term 50 years to life, plus one year**

Credit for time served 34 days, 16 PC 4019 Total credits 50 days
Rest/ fine PC 1202.4(b) $10,000. Rest/fine PC 1202.45 $10,000
Defendant is ordered to have DNA testing under PC 296

**As to SCD 182441**

Count 1 - Mid term 2 years,
12022.1(b) – 2 years consecutive
1st prison prior – 1 year consecutive

**Total term 5 years, consecutive to case SCD 178070**

In the interests of justice, the Court strikes the strike priors in this case
Rest/Fine 1202.4(b) $1,000 forthwith / PC 2085.5
Rest/Fine PC 1202.45 $1,000

Defendant is advised regarding parole / appeal.
10:12 p.m. Defendant is remanded to the custody of the Sheriff without bail. Court adjourns.

Abuse of Discretion "covers"
#5 & #6

266 h(a) is niether serious nor violent. ~~Its a wobbler~~ offense. The court erred in sayen the crime involved violence.

EXHIBIT

commission.

Rule 4.421(a)(8), the manner in which the crime was carried out indicates planning, sophistication and professionalism.

Under Rule 4.421(b), facts relating to the defendant include 4.421(b)(1), the defendant has engaged in violent conduct, which indicates that he remains a serious danger to society.

Under Rule 4.421(b)(2), his convictions as an adult are numerous and of continued increasing seriousness.

Under Rule 4.421(b)(3), he has served a prior prison term.

Under 4.421(b)(5), his prior performance on parole and/or probation was unsatisfactory.

Also concerning this matter, under Rule 4.425(1)(a)(1), the crimes and their objectives were predominantly independent of each other.

Under Rule 4.425(a)(2), the crimes involved separate acts of violence or threats of violence.

Under Rule 4.425(a)(3), the crimes were committed at different times and separate places rather than being committed so close in time as to indicate a single period of aberrant behavior.

In case SCD178070, probation having been denied, it's the judgment and sentence of the court that the defendant be committed to the Department of Corrections for the term of 50 years to life plus one year, with credit for time served of 34 actual days and 16 days 4019 PC credits, for a total of 50

Abuse of Discretion "covers"

#6

Letter from Appeal lawyer shows petitioner was successful on Parole.

Law Offices of Barbara A. Smith
P.O. Box 25
Spring Valley, CA 91976
(619) 670-0675

June 6, 2006

Mr. Cory Lancelin Smith, V75472
Kern Valley State Prison
P. O. Box 5104
Delano CA 93216

Re: Appeal No. D046430

Dear Mr. Smith:

I apologize for the delay in responding to your previous letter. My briefing schedule was unusually heavy. I received the Court's oral argument letter right after the Reply Brief, which meant they have probably already worked up the case and drafted a tentative opinion. I therefore decided to waive oral argument, as it will only delay matters.

I understand about your writ, and my only concern was not using up your avenues of relief. Once you present something in a writ it can be hard to get any court to really listen again, and your case has some good issues.

I went over your letter several times and I see no basis for a supplemental brief on the priors issue or on the court's failure to strike priors. The court did entirely strike the priors on the second separate bail jumping case. There is no issue for appeal unless as a matter of law there could be no reasonable dispute that you were entitled to *more* leniency than having one of three 25 to life terms stricken.

By way of comparison, the U. S. Supreme Court has found that 25 to life on nonviolent theft cases is fine, even for defendants with no history of serious or violent crime. Nonviolent theft crimes are considered the least serious of categories of felonies for purposes of sentencing discretion. With five strikes including robbery and assault, you are simply outside the category of persons for whom an abuse of discretion argument in sentencing can be made. If I had no other issues in the case I might have argued it, but it does not add to a brief to add issues the Court of Appeal considers frivolous.

I checked the record on the waiver, and the record is clear that you waived jury on everything left at the April 29, 2005 hearing, including the prior conviction allegations as to to SCD178070 and SCD182441, and the new bail jumping charge on SCD182441. (See enclosed copy of highlighted transcripts.)

Defective jury waivers on priors would not help you attack the priors much these days anyway, because the jury decides nothing much when they hear a court trial - basically they determine if you are the person in the documents. The judge decides everything else, including washouts and the nature of priors, which is virtually everything. Also priors can be retried in any event as double jeopardy does not attach to priors trials. Your name alone is unusual enough under well-established case law to show you are the person in the documents.

You say you wanted to be sentenced by the jury, but once you left the jurisdiction after the verdict and before sentencing, you could not have thought you would be sentenced by the jury, which was long gone by the time of the priors trial. In any case, you cannot be sentenced by the jury, except that in death penalty cases they can choose death or life without parole. Even then the judge has the final decision.

It might be incompetent for an attorney not to file your notice of appeal, but once it gets filed there is no arguable error on appeal. You do not tell me what ineffective assistance of counsel the State Bar found. There is none that appears on the face of the record I have before me.

You are mixing up the various sorts of prior convictions. The priors that require separate terms are prison priors, and you got only one year for one prison prior, on each of the two cases as to which you were sentenced, SCD178070 and SCD182441. A prison prior can be used for each separate new felony case. Serious felony priors (so-called "nickel" priors) have to be brought and tried separately. There were none of those as they require a current serious conviction, which as everyone agreed in the trial court pimping is not.

Strikes however do not require any prison term of any kind - separate or otherwise. Also, one case with multiple counts can generate multiple strikes. Robbery is considered a crime of violence so each separate victim or act generates another strike, and it would not be within the trial court's discretion to invoke the single occasion rule. As for your time since the priors, even priors 25 or more years old have been held to justify a 25 to life term. Insofar as you finished parole and had law-abiding times, the trial court gave you credit for that in not striking you on the new bail case, where the court could have given you 25 to life instead of five determinate years.

You give a "Jones" case cite to say you cannot use guilty plea forms to prove a prior, but you give no way to identify the case other than "People v. Jones." The law is that the entire record of conviction is available to prove a plea, including such a form. I went over the exhibits and all your priors were proven as strikes. Also, only the one (SF63432) was a guilty plea. The other four were shown among other things by jury verdict forms. So even if you could attack one (which you could not) then the prosecutor still had four strikes left, when they need only two.

In sum, I raised everything I could already that would attack the plea in whole or in part. I must regretfully decline to file supplemental briefing. I will keep you posted on any future developments in your case.

By the way, I could not decipher the number before the D in your new bed (something D-3-217L), so I left it off and will include it in future correspondence once I know what it is.

Sincerely,

Barbara A. Smith
Attorney at Law

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
FEB 05 2008
CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORY LANCELIN SMITH,<br><br>Petitioner,<br><br>v.<br><br>ANTHONY HEDGPETH, Warden,<br><br>Respondent. | No. 07-80200<br>1:08-cv-206 LJO WMW (HC)<br><br>ORDER |

FILED
FEB 08 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

Before: Peter L. Shaw, Appellate Commissioner.

The court is in receipt of petitioner's original petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. An application for a writ of habeas corpus must be made to the district court. *See* Fed. R. App. P. 22(a); *see also* 28 U.S.C. § 2241(b). If a petition for writ of habeas corpus is filed in the court of appeals, "the application must be transferred to the appropriate district court." Fed. R. App. P. 22(a).

Accordingly, the Clerk shall transfer the petition to the United States District Court for the Eastern District of California.

Upon transfer of the petition, the Clerk shall close this original action.

RECEIVED
FEB 08 2008
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY DEPUTY CLERK

Peter L. Shaw

~~General Order 6.3(e)~~

TRUE COPY
CATHY A. CATTERSON
CLERK OF COURT
ATTEST

FEB 05 2008

by: Deputy Clerk

S:\MOATT\Cmshords\02-08\rb\07-80200.wpd

MOATT 3
CLOSED
n

INTERNAL USE ONLY: Proceedings include all events.
07-80200 Smith, et al v. Hedgpeth

CORY LANCELIN SMITH
Petitioner

Cory Lancelin Smith
#V75472/D3-229L
[NTC prs]
KVSP - KERN VALLEY STATE PRISON
Facility D
P.O. Box 5104
Delano, CA 93216-5104

v.

ANTHONY HEDGPETH, Warden
Respondent

No appearance
[COR LD]
No Address
Generic Address
City,

MOATT 3
CLOSED
n

NON-PUBLIC DOCKET FOR
Ninth Circuit Court of Appeals

Court of Appeals Docket #: 07-80200 Filed: 11/23/07
Nsuit: 0
Smith, et al v. Hedgpeth
Appeal from: Northern District of California (San Francisco)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Case type information:
1) misc
2)
3)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Lower court information:

District: 0971-3 :
Date Filed: **/**/**
Date order/judgment: **/**/**
Date NOA filed: **/**/**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Fee status: not applicable

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Prior cases:
None
Current cases:
None

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Panel Assignment:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MOATT 3
CLOSED
n

INTERNAL USE ONLY: Proceedings include all events.
07-80200 Smith, et al v. Hedgpeth

| | |
|---|---|
| CORY LANCELIN SMITH<br>Petitioner | Cory Lancelin Smith<br>#V75472/D3-229L<br>[NTC prs]<br>KVSP - KERN VALLEY STATE PRISON<br>Facility D<br>P.O. Box 5104<br>Delano, CA 93216-5104 |
| v. | |
| ANTHONY HEDGPETH, Warden<br>Respondent | No appearance<br>[COR LD]<br>No Address<br>Generic Address<br>City, |

MOATT 3
CLOSED
n

INTERNAL USE ONLY: Proceedings include all events.
07-80200 Smith, et al v. Hedgpeth

JESUS C. BRIONES

Petitioner

v.

ANTHONY HEDGPETH, Warden

Respondent

MOATT 3
CLOSED
n

INTERNAL USE ONLY: Proceedings include all events.
07-80200 Smith, et al v. Hedgpeth

| | |
|---|---|
| 11/23/07 | Miscellaneous case docketed, entered appearance of pro se. (MOATT) (ca) |
| 12/3/07 | Terminated Case: Opened in Error (Sent to USDC-CAC to open as a Notice of Appeal as of 8/23/07) [07-80200] (ba) |
| 12/3/07 | Per SVG - Send to USDC-CAC to open as a NOA. [07-80200] (ba) |
| 1/25/08 | Filed order (Deputy Clerk: ba) This appeal was terminated in error on 12/3/07. The court sua sponte reinstates this appeal as of the date of this order. [07-80200] (ba) |
| 2/5/08 | Order filed (APP. COMM.) The court is in receipt of petitioner's original petition for a writ of habeas corpus filed pursuant to 28 USC $2254. An appl for a writ of habeus corpus must be made to the dist court. (CITE) Accordingly, the Clerk shall transfer the ptition to the USDC for the Eastern District of California. Upon transfer of the petition, the Clerk shall close this original action. ( Procedurally Terminated Without Judicial Action; Other. ) [07-80200] (gail) |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

Sacramento Clerk's Office
501 "I" Street , Suite 4-200
Sacramento, CA 95814
916-930-4000

Fresno Clerk's Office
2500 Tulare Street , Suite 1501
Fresno, CA 93721
559-499-5600

**February 12, 2008**

**Case Number:** **1:08-CV-00206-LJO-WMW**

**Case Title:** **CORY LANCELIN SMITH,** vs. **HEDGPETH,**

**Dear Litigant,**

**You are hereby notified that the above case number has been assigned to your action. You are to include it on all correspondence (e.g., letters, filings, and inquiries) sent to the court. Failure to do so results in delayed processing of your documents.**

**All matters in this action shall be sent to the following address until further notice:**

**Office of the Clerk**
**United States District Court**
**Eastern District of California**
**2500 Tulare Street , Suite 1501**
**Fresno, CA 93721**

**For timely processing of your filings or correspondence, please comply with our Local Rules of Court, in particular:**

**Local Rule 5-133 (modified) You are not required to send this court an original plus one copy of all documents submitted for filing (e.g., pleadings, motions, correspondence, etc.). You are only required to send this court the original for filing. No extra copies are required. However, if you desire to receive a conformed copy for your records, you must send the original plus one (1) copy and a pre-addressed postage-paid envelope for us to return your copy to you.**

**Local Rules 30-250, 33-250, 34-250 and 36-250 Discovery requests or responses should not be submitted to the court unless they are relevant and necessary to support or oppose a motion at issue before the court.**

**Local Rule 5-135 Once the defendant(s) have served a responsive pleading, you are under an ongoing duty to serve them with copies of all documents you submitted to the court. A proof of service shall be attached to the original of any document lodged or filed with the court, showing the date, manner and place of service. A sample proof of service is attached.**

Local Rule 7-130 (modified) Documents submitted to this court may be either typewritten or handwritten but must be legible, and writing shall be on one (1) side of the page only.

Local Rule 7-132 Every document submitted to the court must include your name, address and prisoner identification number in the upper left hand corner of the first page.

Local Rules 83-182 Each party appearing in propria persona is under a continuing duty to notify the Clerk and all other parties of any change of address by filing separate notice; absent such notice, service at prior address shall be fully effective. A sample Notice of Change of Address form is attached.

Other Provisions:

A complete copy of the Local Rules should be available in the prison library. We do not provide individual copies to litigants.

Request for Case Status The court will notify you as soon as any action is taken in your case. Due to the large number of civil actions pending before the court, THE CLERK IS UNABLE TO RESPOND IN WRITING TO INDIVIDUAL INQUIRES REGARDING THE STATUS OF YOUR CASE. As long as you keep the court apprised of your current address, you will receive all court decisions which might affect the status of your case.

Copy Work The Clerk's Office does not provide copies of documents to parties. Copies of documents may be obtained from the Attorney's Diversified Service (ADS) by writing to them at: 741 N. Fulton Street, Fresno CA 93728, or by phoning 800-842-2695. The court will provide copies of docket sheets at $0.50 per page. Note: In Forma Pauperis status does not include the cost of copies.

Proposed Orders Parties are not required to submit a proposed order when filing a motion. If a proposed order is submitted, the court may disregard the order and prepare its own order.

As noted, the requirements set forth in Local Rule 5-135 and 7-130 have been modified in this letter. These modifications apply to civil rights and habeas cases filed in the Fresno Division of the Eastern District of California by prisoners proceeding pro se (without counsel).

Victoria C. Minor
Clerk of Court
United States District Court

by: /s/ M. Verduzco

Deputy Clerk

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

___________________________________

v. **Case Number:**

___________________________________

**PROOF OF SERVICE**

________________________________________/

**I hereby certify that on ______________________________, I served a copy of the attached ______________________________________________________________, by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the United States Mail at**

__________________________________________:

**(List Name and Address of Each**
**Defendant or Attorney Served)**

**I declare under penalty of perjury that the foregoing is true and correct.**

_________________________________________

**(Signature of Person Completing Service)**

**Name:**______________________________

**I.D. #:**______________________________

**Address** ____________________________

________________________________

________________________________

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

________________________________
(Plaintiff/Petitioner)

v.

**Case Number:**

________________________________
(Defendant(s)/Respondent)

**NOTICE OF CHANGE OF ADDRESS**

______________________________________/

**PLEASE TAKE NOTICE THAT (print name)** ______________________________

**hereby submits a notice of change of address in the above – entitled case as follows:**

**OLD ADDRESS:** ____________________________________________

____________________________________________

**NEW ADDRESS:** ____________________________________________

____________________________________________

DATED: ______________________ ________________________________

**Signature of Plaintiff/Petitioner**

**YOU MUST FILE AN ORIGINAL CHANGE OF ADDRESS FORM IN EACH OF YOUR OPEN CASES**

# NOTICE OF AVAILABILITY OF A MAGISTRATE JUDGE
# TO EXERCISE JURISDICTION AND APPEAL INSTRUCTIONS

You are hereby notified in accordance with 28 U.S.C §636(c), F.R.Civ.P.73 and Local Rule 73–305, the United States Magistrate Judges sitting in Sacramento and Fresno are available to exercise the court's case dispositive jurisdiction and to conduct any or all case despositive proceedings in this action, including motions to dismiss, motions for summary judgment, a jury or nonjury trial, and entry of a final judgment. Exercise of this jurisdiction by a Magistrate Judge is however, permitted only if all parties voluntarily consent. You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's case dispositive jurisdiction from being exercised by a Magistrate Judge.

Any appeal from a judgment entered by a Magistrate Judge is taken directly to the United States Court of Appeals for the Ninth Circuit or, where appropriate, for the Federal Circuit in the same manner as an appeal from any other judgment of a District Court.

Whether or not the parties consent to pursuant to 28 U.S.C. § 636(c) the assigned Magistrate Judge will hear all motions except those case dispositive motions set forth in 28 U.S.C. § 636(b)(1)(A).

A copy of the Form for "Consent to / Decline of Jurisdiction of United States Magistrate Judge" is attached hereto for pro per use and attorney information. This form is available in fillable .pdf format on the court's web site at www.caed.uscourts.gov for all attorney ECF filers. This form may be filed through CM/ECF or by pro se litigants at the appropriate Clerk's Office location.

| | |
|---|---|
| Office of the Clerk | Office of the Clerk |
| 501 I Street, Room 4–200 | 2500 Tulare Street , Suite 1501 |
| Sacramento, CA 95814 | Fresno, CA 93721 |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

**CORY LANCELIN SMITH,**
Plaintiff(s)/Petitioner(s),

vs.

CASE NO. **1:08-CV-00206-LJO-WMW**

**HEDGPETH,**
Defendant(s)/Respondents(s).

**IMPORTANT**
**IF YOU CHOOSE TO CONSENT OR DECLINE TO CONSENT TO JURISDICTION OF A UNITED STATES MAGISTRATE JUDGE, CHECK AND SIGN THE APPROPRIATE SECTION OF THIS FORM AND RETURN IT TO THE CLERK'S OFFICE.**

☐ **CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

In accordance with the provisions of Title 28, U.S.C Sec. 636(c)(1), the undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of final judgment, with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.

Date: ____________________ Signature: ______________________________

Print Name: ______________________________
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *______________________________

☐ **DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to Title 28, U.S.C. Sec 636(c)(2), the undersigned acknowledges the availability of a United States Magistrate Judge but hereby declines to consent.

Date: ____________________ Signature: ______________________________

Print Name: ______________________________
( ) Plaintiff/Petitioner ( ) Defendant/Respondent
( ) Counsel for *______________________________

***If representing more than one party, counsel must indicate name of each party responding.***

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

FILED

FEB 19 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY KM DEPUTY

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

**Cory Lancelin Smith**

**DEFENDANTS**

**Hedgpeth**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Kern
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Cory Lancelin Smith**
**PO Box 5104**
**Delano, CA 93216**
**D-32296**

**ATTORNEYS (IF KNOWN)**

**'08 CV 0332 H WMc**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT (For Diversity Cases Only)**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**28 U.S.C. 2254**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Eiectmant | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

1 Original Proceeding ☐2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐4 Reinstated or Reopened ☒5 Transferred from another district (specify) EASTERN ☐6 Multidistrict Litigation ☐7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE 2/19/2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~

R. Miller